original copy

Troy Darin Zimmerman 160331082
Name and Prisoner/Booking Number

Pima County Dentention center 4-A-4
Place of Confinement

P.O. Box 951
Mailing Address

Tucson AZ, 85702
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)



✓ FILED ___ LODGED
___ RECEIVED ___ COPY

APR 20 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Troy Darin Zimmerman,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Pima County Sheriffs Dept.,
(Full Name of Defendant)

(2) David Tarnow,

(3) _____,

(4) _____,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CV17-0178 TUC RM

CASE NO. _____
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
BY A PRISONER

(Trial "Jury" Demanded)

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: Tucson, Arizona .

Revised 3/11/16                                1                                550/555

## B. DEFENDANTS

1. Name of first Defendant: **Pima County Sheriffs Department**. The first Defendant is employed as: **Administration** at _____.
   (Position and Title)                              (Institution)

2. Name of second Defendant: **David Tarnow**. The second Defendant is employed as: **Former Detective** at **Pima County Sheriffs Dept.**
   (Position and Title)                              (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____.
   (Position and Title)                              (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title)                              (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? **1**. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **Troy Darin Zimmerman** v. **Pima County Sheriffs Dept. et al**
      2. Court and case number: **CV 16-00753-TUC-RM**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Still pending**

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

### D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: Fourteenth Amendment Due process.

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: Blackmail/extortion

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   The Pima County Sheriffs Department knowingly let a corrupt Detective continue to spread his criminal misconduct and deceitful activities to investigations and case's he was sworn to duty to protect and serve the community for.
   On June 29th 2015 to July 14th 2015 the Pima County Sheriffs Burglary Unit was conducting investigation's against plaintiff. A member of that said unit was former Det. David Tarnow. Mr. Tarnow resigned and fled the state of Arizona Thirteen (13) days after investigating, searching of residence and arrest of Plaintiff. He fled after learning Internal Affairs was on his heel's and aware of some of his criminal misconducts. David Tarnow was under Investigation and later Indicted on the way he handled evidence. The Indictment consisted of the following charges; one count of theft by extortion, three counts of trafficking in stolen property, two count's of fraudulent schemes and artifices and one count of felony theft. Cont.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Deprivation of liberty, mental anguish, Financial turmoil.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☒ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Non Facility related.

3

<u>Supporting facts continued:</u>

These charges stemmed from his criminal misconducts back in 2011. Multiple years prior to his involvement with Plaintiff. The Pima County Sheriff's Department's Administration was aware of David Tarnow's criminal actions and activites while still letting him act as a Government-instrument under former Sheriff Dupnik. Said department therefore deprived Plaintiff of his liberty by letting a criminal continue to be a member of there office when they knew what he was about. The Plaintiff had a personal relationship with corrupt Detective David Tarnow and commenced in a "Free Talk" for the Pima County Attorney's office regarding said personal relationship. David Tarnow used his position of power to blackmail plaintiff into "Helping" him sell property he was alledgedly recieving from Police Auctions. Plaintiff was not given a choice to cooperate and felt his only option was to submit to Authority that corrupt detective weilded. Plaintiff's "Free Talk" gives details of the abuse of power former Detective forced upon him. Plaintiff followed David Tarnows commands. Plaintiff eventually gained confidence and started to question Mr. Tarnow's orders. David Tarnow used his Authority and knowledge of Crime's consistant with Tarnow's dutys as a Burglary detectives for the Pima County Sheriffs Department.

Continued on 3-B

3-A

Supporting facts continued:

The relationship of Blackmail/extortion would not of been possible if then sheriffs Department's administration did not let David Tarnow remain on Duty. They knew who and what Mr. Tarnow was during his involvement with the plaintiff. Former Detective David Tarnow was nothing more then a Super-criminal with an oath to protect and serve. This didn't just fester over night and there is no Integrity on and off Swsitch.

3-B

## E. Request for Relief

State the relief you are seeking:

I'm asking for the Relief of $500,000.00 (Compensatory Damages)

---

I degree under penalty of Perjury that the foregoing is True and correct.

Executed on 4/16/17

x _Troy_
Signature of plaintiff.

4

Keaton,thomas@kgun9.com Exhibit (A) page 1

# Former Pima County Sheriff's burglary detective arrested on theft, trafficking charges

**BY:** Ina Ronquillo, Christina Myers, Keaton Thomas
**POSTED:** 10:32 AM, Jan 14, 2016
**UPDATED:** 11:26 PM, Jan 17, 2016

A former Pima County Sheriff's Department burglary detective has been arrested on several theft charges following an internal investigation.

Deputy Courtney Rodriguez, spokesperson with the Pima County Sheriff's Department says that on Jan. 11, deputies arrested former Sheriff's Detective David Tarnow on a Grand Jury Arrest Warrant.

The arrest follows an extensive investigation by the Pima County Sheriff's Department.

David Tarnow is accused of crimes related to the theft and sale of property from the department's evidence inventory and local pawn shops, and theft by extortion.

He has been charged with three counts of Trafficking in Stolen Property, two counts of Fraudulent Schemes and Artifices, one count of Theft, and one count of Theft by Extortion.

Tarnow served as a deputy with the Pima County Sheriff's Department for 15 years, Rodriguez said.

Prior to joining the Sheriff's Department, Tarnow served a distinguished career in the US Air Force and retired in 1998 as a Master Sergeant with an honorable discharge.

"He came to us from the Air Force as a hero, as a decorated veteran. And there was nothing there to suggest anything other than he's a good, hard-working man. But something came along in this young man's life that made him decide to go to the dark side," said Sheriff Nanos.

Sheriff Nanos said the department became aware of a problem with Tarnow when a burglary

victim complained Tarnow had not returned all of his stolen property that was recovered.

As Internal Affairs investigated, Nanos said they were getting inconsistent stories from Tarnow. They investigated further and found that Tarnow had been taking items from the evidence room.

"He would take items, put them in our evidence room and then later on, maybe months later, go and check them out for some sort of analysis or whatever the ruse was, but it really was for no other reason than to steal the property," said Sheriff Nanos.

Tarnow resigned from the department on July 27, 2015 after learning that an Internal Affairs investigation had been initiated from that citizen complaint, Rodriguez said.

Nanos said Tarnow had several victims. "But we think there are a lot more cases out there," said Nanos. The Sheriff said he hopes others will now come forward.

Sheriff Nanos has already made at least one change in the department: detectives can no longer check anything out of the evidence room without a court order.

Investigative review expanded into a criminal investigation. The case is now in the hands of the County Attorney's Office.

The initial internal investigation began with a complaint to the Sheriff's department by the victim in a 2011 burglary. According to reports obtained by Nine On Your Side, the victim recovered some items from the burglary, but not everything. His report was filed against Tarnow who took over for a different detective who retired.

Reports indicate the victim was particularly interested in retrieving a gold coin, known as a Liberty Coin, valued at about $1,200 dollars. Detectives located a coin matching the description at a pawn shop, but the victim could not prove it was his. The detective working with the victim before Tarnow placed it on police hold.

Later, records show the coin was released to the victim, but the victim says he never received it. Pawn slips indicate Tarnow pawned a similar coin for more than $1,000 dollars.

There other instances where Tarnow pawned items with similar descriptions to those stolen from this particular victim.

A silver belt buckle was reported stolen, and reports indicate it was returned to the victim. Again, the victim claimed he did not receive it. Pawn slips indicate Tarnow pawned a belt buckle with a similar description.

Reports also indicate suspicious activity from Tarnow on LeadsOnline - a resource for law enforcement to track pawn activity. Tarnow apparently altered pawn records for items he pawned himself. For instance, after pawning a bracelet, the edit history show Tarnow changed his last name from "Tarnow" to "Sarnow", then adjusted the description of the item making it more vague, then changed his name back to "Tarnow".

During the internal investigation, Tarnow denied editing the records or even knowing how to do so.

Copyright 2015 Scripps Media, Inc. All rights reserved. This material may not be published, broadcast, rewritten, or redistributed.